UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  ANNA AUGUST BOLING,           Case No. 6:05-bk-16267-KSJ

    Debtor,
_____/

In re: RODERIC LEE BOLING,            Case No. 6:05-bk-16271-KSJ

    Debtor,
_____/

MONTE GREEN,                          Lead Case - Adversary No. 6:06-ap-00076

    Plaintiff,                    Consolidating Adversary Proceedings:
v.                                        Adversary No. 6:06-ap-00076
                                          Adversary No. 6:06-ap-00077
RODERIC LEE BOLING,                       Adversary No. 6:06-ap-00114
                                          Adversary No. 6:06-ap-00115

    Defendant,
_____/

**MONTE GREEN'S ANSWER AND DEFENSES TO COUNT 1
OF DEBTOR RODERIC LEE BOLING'S ADVERSARY COMPLAINT**

COMES NOW Creditor, MONTE GREEN ("Creditor"), through his undersigned counsel and pursuant to the Court's September 19, 2006 Order on Pretrial Conference and Pending Motions (D.E. 31, 6:06-ap-00076), and hereby answers Count 1 of the Debtor's, RODERIC LEE BOLING ("Debtor"), Complaint (D.E. 1, 6:06-ap-00114).[1]

General Allegations

1.     Admitted.

2.     Admitted.

---

[1] The Creditor has simultaneously filed Monte Green's Motion to Dismiss Debtors' Adversary Complaints Counts 2-6.  The Debtors have filed mirror image Complaints.

3. Admitted.

4. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

5. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

6. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

7. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

8. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

9. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

10. Admitted.

11. Admitted.

12. Denied.

13. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted that Creditor provided the funds, otherwise denied.

URBAN & THIER, P.A., 545 Delaney Avenue, Suite 7, Orlando, Florida 32801   Tel.  407-245-8352   Fax.  407-245-8361

18. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

19. Admitted.

20. Admitted that Creditor provided the funds, otherwise denied.

21. Denied.

22. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

23. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

24. Denied.

25. Admitted that the documents were recorded on October 17, 2005.

Count 1 – Declaratory Judgment – Validity of Mortgage

26. Admitted that the Debtor so alleges, denied that the Debtors are entitled to the relief sought.

27. The Creditor realleges and incorporates his responses to paragraphs 1 through 3, 24 and 25 above.

28. Admitted.

The allegations contained in Counts 2 through 6 (paragraphs 29 through 59) are addressed in the Creditor's Monte Green's Motion to Dismiss Debtors' Adversary Complaints Counts 2-6.

URBAN & THIER, P.A., 545 Delaney Avenue, Suite 7, Orlando, Florida 32801  Tel. 407-245-8352  Fax. 407-245-8361

## AFFIRMATIVE DEFENSES

First Affirmative Defense

The Debtor has failed to state a cause of action upon which relief can be granted.

Second Affirmative Defense

As set forth in the adversary complaint filed by the Creditor, pursuant to Title 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 727(a)(4), the debt should not be discharged.

The Creditor reserves the right to supplement and amend his affirmative defenses once discovery has started.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail or electronic mail on October 6, 2006 to:

Kenneth D. Herron, Jr., Esq.
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804

Respectfully submitted

**URBAN & THIER, P.A.**
Attorneys for Monte Green
545 Delaney Avenue, Suite 7
Orlando, Florida  32801
Tel.    407-245-8352
Fax.    407-245-8361
Email: urban@urbanthier.com

By:   /s/ John L. Urban
John L. Urban, Esq.
Fla. Bar No. 0175307