UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  ANNA AUGUST BOLING,         Case No. 6:05-bk-16267-KSJ

    Debtor,
_____/

In re: RODERIC LEE BOLING,          Case No. 6:05-bk-16271-KSJ

    Debtor,
_____/

MONTE GREEN,                         Lead Case - Adversary No. 6:06-ap-00076

    Plaintiff,                       Consolidating Adversary Proceedings:
v.                                          Adversary No. 6:06-ap-00076
                                            Adversary No. 6:06-ap-00077
RODERIC LEE BOLING,                         Adversary No. 6:06-ap-00114
                                            Adversary No. 6:06-ap-00115

    Defendant,
_____/

**MONTE GREEN'S ANSWER AND DEFENSES TO
DEBTOR RODERIC LEE BOLING'S ADVERSARY COMPLAINT**

COMES NOW Creditor, MONTE GREEN ("Creditor"), through his undersigned counsel and answers the Debtor's, RODERIC LEE BOLING ("Debtor"), Complaint (D.E. 1, 6:06-ap-00114).

General Allegations

1.  Admitted.

2.  Admitted.

3.  Admitted.

4. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

5. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

6. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

7. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

8. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

9. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

10. Admitted.

11. Admitted.

12. Denied.

13. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted that Creditor provided the funds, otherwise denied.

18. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

19. Admitted.

20. Admitted that Creditor provided the funds, otherwise denied.

21. Denied.

22. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

23. Admitted that the Debtor so alleges, but Creditor has no independent knowledge as to the accuracy of this allegation and it is therefore denied.

24. Denied.

25. Admitted that the documents were recorded on October 17, 2005.

### Count 1 – Declaratory Judgment – Validity of Mortgage

26. Admitted that the Debtor so alleges, denied that the Debtors are entitled to the relief sought.

27. The Creditor realleges and incorporates his responses to paragraphs 1 through 3, 24 and 25 above.

28. Admitted.

### Count 2 – Usury

29. Admitted that the Debtor so alleges, denied that the Debtors are entitled to the relief sought.

30. The Creditor realleges and incorporates his responses to paragraphs 1 through 25 above.

31. Denied.

### Count 3 – Shylocking

32. Admitted that the Debtor so alleges, denied that the Debtors are entitled to the relief sought.

33. The Creditor realleges and incorporates his responses to paragraphs 1 through 25 above.

34. Denied.

35. Denied.

### Count 4 – Truth In Lending Violations – Statutory Damages

36. Admitted that the Debtor so alleges, denied that the Debtors are entitled to the relief sought.

37. The Creditor realleges and incorporates his responses to paragraphs 1 through 25 above.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### Count 5 – Truth In Lending Violations – Rescission

43. Admitted that the Debtor so alleges, denied that the Debtors are entitled to the relief sought.

URBAN & THIER, P. A., 200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352  Fax.  407-245-8361

44. The Creditor realleges and incorporates his responses to paragraphs 1 through 25 above.

45. Denied.

46. Admitted.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Admitted that the Debtor so alleges, denied that the Debtors are entitled to the relief sought.

### Count 6 – HOEPA Violations – Damages and Rescission

52. Admitted that the Debtor so alleges, denied that the Debtors are entitled to the relief sought.

53. The Creditor realleges and incorporates his responses to paragraphs 1 through 25 above.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

URBAN & THIER, P. A., 200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801   Tel.  407-245-8352  Fax.  407-245-8361

WHEREFORE, the Creditor requests that the Court enter its Order dismissing the Debtor's adversary complaint with prejudice, awarding the Creditor his fees and costs and granting such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Debtor has failed to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

As set forth in the adversary complaint filed by the Creditor, pursuant to Title 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 727(a)(4), the debt should not be discharged.

### Third Affirmative Defense

The Note at issue states on its face that it is only for 18 percent interest, that any interest payment above the legal maximum shall be reduced to the greatest amount allowed under the law, there was no intent to charge any excessive interest and, in fact, no interest or principal was ever paid by the Debtor.

### Fourth Affirmative Defense

The transaction is not subject to TILA or HOEPA as it was not a consumer credit transaction.

### Fifth Affirmative Defense

The transaction is expressly exempted from TILA or HOEPA as it was a credit transaction involving the extension of credit primarily for a business purpose.

The Creditor reserves the right to supplement and amend his affirmative defenses.

URBAN & THIER, P. A., 200 S. Orange Avenue, Suite 2025, Orlando, Florida 32801  Tel.  407-245-8352 Fax.  407-245-8361

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail or electronic mail on March 1, 2007 to:

Kenneth D. Herron, Jr., Esq.
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804

Respectfully submitted

**URBAN & THIER, P.A.**
Attorneys for Monte Green
200 S. Orange Avenue, Suite 2025
Orlando, Florida  32801
Tel.    407-245-8352
Fax.    407-245-8361
Email: urban@urbanthier.com


By:__/s/ John L. Urban_____
John L. Urban, Esq.
Fla. Bar No. 0175307