UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

ANNA AUGUST BOLING,   Case No.: 6:05-bk-16267-KSJ
                     Chapter 7
    Debtor.
_____/
In re

RODERIC LEE BOLING,   Case No.: 6:05-bk-16271-KSJ
                     Chapter 7
    Debtor.
_____/

MONTE GREEN,          Lead Case - Adversary No.: 6:06-ap-00076

    Plaintiff,        Consolidating Adversary Proceedings:
                          Adversary No. 6:06-ap-00076
v.                        Adversary No. 6:06-ap-00077
                          Adversary No. 6:06-ap-00114
ANNA AUGUST BOLING,       Adversary No. 6:06-ap-00115

    Defendant.
_____/


MONTE GREEN,          Lead Case - Adversary No.: 6:06-ap-00076

    Plaintiff,        Consolidating Adversary Proceedings:
                          Adversary No. 6:06-ap-00076
v.                        Adversary No. 6:06-ap-00077
                          Adversary No. 6:06-ap-00114
RODERIC LEE BOLING,       Adversary No. 6:06-ap-00115

    Defendant.
_____/

**TRIAL MEMORANDUM FILED BY**
**ANNA BOLING AND RODERIC BOLING**

Anna Boling and Roderic Boling, file this trial memorandum and state as follows:

## **Shylocking/Criminal Usury - Florida Statute 687.071**

Chapter 687 of the Florida Statutes sets the limits for interest rates that can be charged on loans in the state of Florida and also prescribes the penalties for violation of those limits. This statute was enacted to "protect the necessitous borrower from the avaricious demands of lenders." *See Mickler v. Maranatha Realty Assoc., Inc.*, 50 B.R. 818, 828 (Bankr. M.D. Fla. 1985). Section 687.071 states in pertinent part:

> (2) Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest thereon at a rate exceeding 25 percent per annum but not in excess of 45 percent per annum, or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires so to do, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s.775.083.
>
> (7) No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state.

1. Usurious Loans

In determining whether a usurious loan exists, the following four factors must be present:

    a.    there must be a loan, expressed or implied;

    b.    an understanding between the parties that the money loaned shall be returned;

    c.    it must appear that a greater rate of interest than is allowed by was

agreed to be paid; and

        d.     a corrupt intent to exact more than the legal rate of interest must be present. *Dixon v. Sharp*, 276 So.2d at 819 (Fla. 1973).

    2.    <u>Corrupt Intent</u>

Florida Courts agree that usury is mainly a matter of intent. *Id* at 820. *See also Mickler* at 828. The borrower must prove that the lender intended to charge interest in excess of the rate legally allowed. *Mickler* at 828. This element of intent is generally analyzed on the basis of good faith *See id.,* and gathered from the circumstances surrounding the entire loan transaction. *River Hills, Inc., v. Edwards*, 190 So.2d 415, 423 (Fla. 2nd DCA 1966). "The difference between a lawful transaction and a usurious one, therefore, is the difference between good faith and bad faith" *River Hills, Inc., v. Edwards*, 190 So.2d 415, 423 (Fla. 2nd DCA 1966)(internal quotations omitted)

A lender's corrupt intent is shown when " the evidence establishes that the charging or receiving of excessive interest was done with the knowledge of the lender." *River Hills* at 424. The borrower is not required to show that the lender had any specific intent to violate the usury statute. *In re Omni Capital Group, Ltd.*, 157 B.R. 712, 718, (Bankr. S.D. Fla. 1993). An impossible burden would be placed upon the borrower and frustrate the purpose of the usury statute if the borrower was required to prove, subjectively, the lender's culpable mental process. Id  Instead, a borrower can merely show that the lender intended to charge or extract interest exceeding the legal rate to prove usurious intent. Id..

3. <u>Usury Saving Clauses</u>

A loan transaction that contains a usury savings clause will not bar a usury claim. *Jersey Palm-Gross Inc. v. Paper*, 658 So.2d 531, 535 (Fla. 1995). In *Jersey Palm*, the Court found that usury savings clauses cannot by themselves "absolutely insulate a lender from a finding of usury." *Id*. at 535. The Court went on to affirm the determination by the District Court of Appeal that usury savings clauses should only be used in those cases "where the actual interest charged is close to the legal rate, or where the transaction is not clearly usurious at the outset but only becomes usurious upon the happening of a future contingency..." *Id.* at 535 quoting from *Jersey Palm-Gross*, 639 So. 2d 664 at 671 (Fla. 4th DCA 1994).

4. <u>Borrower's Consent is Not a Defense</u>

In addition, a lender cannot absolve itself of usury with defenses such as ignorance of the law, opinion of counsel, the usurious rate came from the suggestion of the borrower, or that a plan of usury was embraced by both parties once when the amount of interest is in fact usurious and was known by the lender. *River Hills* at 424. Id.

5. <u>Damages- Florida Statutes § 687.04</u>

Section 687.04, Florida Statute states in part:

> Any person, or any agent, officer, or other representative of any person, willfully violating the provisions of s.687.03 shall forfeit the entire interest so charged, or contracted to be charged or reserved, ......; and when said usurious interest is taken or reserved, or has been paid, then and in that event the person who has taken or reserved, or has been paid, either directly or indirectly, such usurious interest shall forfeit to the

>party from whom such usurious interest has been reserved, taken, or exacted in any way double the amount of interest so reserved, taken, or exacted...

If the Court finds that the Note is criminally usurious (Count 3), then Count 2 could also be applied as a cumulative remedy. Pursuant to Fla. Stat.§687.04, since the interest rate charged exceeds 18% simple interest, as set forth above, then a judgment should be entered for the Bolings and against Green for double the amount of interest provided for in the note, which would be $600,000.00.

/s/ Kenneth D. (Chip) Herron, Jr.
Kenneth D. (Chip) Herron, Jr.
Fla. Bar No. 699403
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804
Telephone: (407) 648-0058
Fax: (407) 648-0681
Email: kherron@whmh.com

Attorneys for Roderic Lee Boling
and Anna August Boling

CERTIFICATE OF SERVICE

       I certify that on May 22, 2008 a copy of the foregoing was sent by U.S. first-class mail, postage prepaid or by electronic mail to:

Counsel for Plaintiff: John L. Urban, Esq., Urban & Thier PA, 545 Delaney Avenue, Building 7, Orlando, FL 32801

                               /s/ Kenneth D. (Chip) Herron, Jr.
                               Kenneth D. (Chip) Herron, Jr.